## Commonwealth v. Williams

450

*Mark Smith,* for Commonwealth.
*Ronald S. McGlaughlin,* for defendant.

KISTLER, *J.,* July 29, 2009—Presently before this court is the omnibus pretrial motion, in the form of a motion to suppress, filed by Joanne C. Williams (defendant). For the following reasons, this court denies defendant's motion to suppress.

## STATEMENT OF FACTS

(1) On March 12, 2009, at approximately 2:45 a.m., Sergeant Muse of the State College police department was en route to the 1200 block of E. College Ave. to monitor a red Hyundai Elantra parked next to the Battery Warehouse.

(2) Earlier that same night the driver of the vehicle had been arrested at approximately 1 a.m. for DUI by Police Officer Salyards. Sergeant Muse had assisted in the arrest and observed the defendant undergo, and fail, the field sobriety tests.

(3) Officer Salyards had informed Sergeant Muse that he believed the defendant would return to her car to drive it home because the defendant had stated several times at the booking station she intended to return to her car that night since the police were unwilling to drive her home.

(4) Officer Salyards advised the defendant not to return to her car that night because he believed, based on his observations during the field sobriety test and the preliminary results from the breathalyzer, that defendant was still intoxicated and would be DUI if she chose to return to her car that night and attempted to drive.

(5) Acting on this information, Sergeant Muse returned to the location of defendant's vehicle and parked his marked police vehicle, a Chevy Tahoe, in a manner such that he was unable to see the vehicle, but could see if the headlights were turned on.

(6) While monitoring the location of the vehicle, Sergeant Muse observed a Nittany Express taxi pulled in to the spot near defendant's car.

(7) Sergeant Muse observed the headlights on the car turn on and observed the car pull out onto the road.

(8) Sergeant Muse pulled his police vehicle to within 10-20 feet of defendant's car while driving, in order to discern whether defendant was operating the car.

(9) Sergeant Muse was able to see a single person operating the vehicle who had a hairstyle and body stature matching that of the defendant.

(10) Sergeant Muse observed no erratic driving from the vehicle.

(11) Acting on the information he received from Officer Salyards, the taxi cab arriving near defendant's car, and a person with the same hairstyle and stature as defendant, Sergeant Muse believed defendant was operating the vehicle and pulled the car over after 35 seconds of observing the car from behind.

(12) The time between the first stop and the second stop was approximately one hour and 45 minutes.

(13) At the time the second stop was made, the weather was overcast.

## DISCUSSION

Defendant argues that the stop of her vehicle was illegal in that Sergeant Muse did not have reasonable suspicion to believe that a motor vehicle violation had occurred pursuant to 75 Pa.C.S. §6308. This statute states:

*"Section 6308. Investigation by police officers:*

"(a) Duty of operator or pedestrian.—The operator of any vehicle or any pedestrian reasonably believed to have violated any provision of this title shall stop upon request or signal of any police officer and shall, upon request, exhibit a registration card, driver's license and information relating to financial responsibility, or other means of identification if a pedestrian or driver of a pedalcycle, and shall write their name in the presence of the police officer if so required for the purpose of establishing identity.

"(b) Authority of police officer.—Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. §6308(a) and (b).

Defendant takes the position that Sergeant Muse did not possess reasonable suspicion to stop defendant's car

because he did not actually observe defendant enter and operate the car and he did not observe any erratic driving. This argument, however, is fundamentally flawed for two reasons:

The first reason is that in a situation where information is relayed from one officer to another, the law requires the court to determine whether someone in the police department possesses sufficient information to give rise to reasonable suspicion. "The officer with the reasonable suspicion, usually the dispatcher, need not convey all of this background information to the officer who actually effectuates the stop. Thus, the police may justify the search by presenting sufficient evidence at the suppression hearing that someone in the chain of command had reasonable suspicion before the stop, even if the arresting officer did not." *Commonwealth. v. Anthony,* 2009 WL 2006438 (Pa. Super. 2009) (citing *Commonwealth v. Barber,* 889 A.2d 587, 594 (Pa. Super. 2005)). In this instance, Officer Salyards engaged in several conversations with the defendant at the booking station. Defendant conveyed to Officer Salyards that she intended to return to her car that night and drive it home. Officer Salyards advised defendant against this course of action and told her that, in his opinion, she was still too intoxicated to operate a vehicle based on her performance during the field sobriety tests and field breath test. Defendant however was undeterred.

Taking into consideration all the information known to Officer Salyards, the court determines that Officer Salyards had reasonable suspicion to believe that defendant would attempt to return to her car that night and

drive it home. This information was relayed to Sergeant Muse who initiated the stop of defendant's vehicle based in part on this information. It is therefore immaterial that Sergeant Muse did not view the defendant actually enter and drive the vehicle because Officer Salyards had reasonable suspicion to believe that defendant would attempt to drive her car that night while intoxicated. Sergeant Muse was merely acting on Officer Salyard's reasonable suspicion.

The second reason is that defendant's argument attempts to limit this court's review to the brief period of time in which Sergeant Muse is following defendant's car. It is well-established law that the evaluation necessary to determine whether a police officer had reasonable suspicion requires the court to look at the totality of the circumstances. *Commonwealth. v. Zhahir,* 561 Pa. 545, 751 A.2d 1153 (2000). Therefore, the court must not limit its inquiry to the period of time Sergeant Muse followed defendant's vehicle; rather, the court must take into consideration all of the information available to Sergeant Muse at the time of the stop. Sergeant Muse testified that he recognized defendant because he had a chance to observe her when she was first stopped. The court accepts as true that Sergeant Muse was able to discern that the person driving defendant's car had the same hairstyle and stature as defendant. Sergeant Muse also had information from Officer Salyards that the defendant intended to return to her car after leaving the booking station. A relatively short period of time later, Sergeant Muse observed a taxi cab pull into the spot at a closed business, near defendant's car. Based on the observations and information available to Sergeant Muse

at the time he made the stop, the court determines that Sergeant Muse had reasonable suspicion to initiate a traffic stop of defendant's vehicle. Defendant's motion to suppress the evidence is therefore denied.

## ORDER

And now, July 29, 2009, the defendant's omnibus pretrial motion in the form of a motion to suppress, is hereby denied.